STATE of Minnesota, Appellant,

v.

Tyrone S. McCOY, Respondent.

No. C4–02–1788.

Supreme Court of Minnesota.

July 1, 2004.

Michael A. Hatch, Minnesota Attorney General, Susan Gaertner, Ramsey County Attorney, Jeanne L. Schleh, Assistant Ramsey County Attorney, Dawn Renee Burlingame, St. Paul, MN, for Appellant.

Roy G. Spurbeck, Assistant State Public Defender, Minneapolis, MN, for Respondent.

Beverly Balos, Kristine Kroenke, Minneapolis, MN, for Amicus Curiae, Minnesota Coalition for Battered Women.

Carolyn Page Ham, Minneapolis, MN, for Amicus Curiae, Battered Women's Justice Project.

Cheryl Thomas, Minneapolis, MN, for Amicus Curiae, Minnesota Advocates for Human Rights.

## OPINION

GILBERT, Justice.

In this case, we are asked to resolve whether evidence of similar conduct by the accused against an alleged victim of domestic abuse may be admitted against the accused under Minn.Stat. § 634.20 (2002) without first being established by clear and convincing evidence. Respondent Tyrone S. McCoy was convicted of misdemeanor domestic assault of his wife. Prior to trial, the district court ruled that the state could admit evidence under Minn. Stat. § 634.20 that respondent had previously assaulted his wife. The court of appeals reversed respondent's conviction, holding that evidence of prior similar conduct must first be established by clear and convincing evidence to be admitted at trial. *State v. McCoy*, 668 N.W.2d 425, 430 (Minn.App.2003). Based on the record before us, we conclude that no evidence of the alleged prior domestic assault was ever admitted. We also conclude that evidence of similar conduct by the accused against an alleged victim of domestic abuse may be admitted under Minn.Stat. § 634.20 without being established by clear and convincing evidence. For these reasons, we reverse.

The facts of the case are as follows. On December 31, 2001, at approximately 8:00 p.m., St. Paul police responded to a 911 call from the home of respondent and his wife. Respondent's wife, who was crying, stammering, and visibly upset, told an officer that respondent had beaten her with a belt when he came home to gather some clothes while he was staying with a friend for a few days because the two of them were fighting. She told respondent that some of the sweaters he was grabbing were hers. Respondent knocked a telephone out of her hand, saying, "Bitch, you don't own anything here." His wife picked up the telephone and attempted to call the police, but respondent grabbed it and hung it up. Respondent picked up a belt and struck her, screaming at her, "I told you not to call the police. This is for calling the police." Respondent and his wife's four children and at least one other child were present at the time.

A female officer took a photograph of a welt on respondent's wife's upper thigh. A photograph of the belt was also taken, and both photographs were ultimately received as evidence at trial. On January 2, 2002, 2 days after the incident, respondent's wife talked via telephone to a member of the St. Paul Police Department's Family Vio-

lence Unit and confirmed the details of her earlier report to the police. Specifically, she stated that her husband had "whooped her with a belt" and that as a result she had suffered welts and bruises.

On June 20, 2002, respondent was charged with misdemeanor domestic assault in violation of Minn.Stat. § 609.2242, subd. 1 (2002), and interference with an emergency call in violation of Minn.Stat. § 609.78, subd. 2 (2002). Shortly thereafter, on July 1, 2002, respondent's wife submitted a letter to officials at the Ramsey County courthouse, which stated that the information she had given in the police report was false and that she had made up the allegations "out of anger and spite" because she had found out that her husband was cheating on her.

Prior to trial, the state moved for the ability to admit evidence that respondent had also assaulted his wife, then-girlfriend, on March 15, 1997, as evidence of prior similar conduct under Minn.Stat. § 634.20.[1] The state provided the district court with copies of police report and medical records from treatment that respondent's wife received at United Hospital on that date. Respondent objected, arguing that this was a prior bad act that had to be proven by clear and convincing evidence under Minn. R. Evid. 404(b).[2] The court ruled that evidence of the alleged 1997 assault was admissible because its probative value was not outweighed by the danger of unfair prejudice, concluding that it could apply Minn.Stat. § 634.20 "without getting into" the requirements of Rule 404(b).

During trial, respondent's wife testified that she remembered calling the police and speaking to two officers who came to her house on December 31, 2001, but claimed that respondent had not interfered with her call. She also admitted having a picture taken of a bruise, but claimed not to remember what she told the officers when they arrived and did not remember what she told the Family Violence Unit officer she talked to 2 days after the alleged assault. She later testified, however, that what she had told the police about her husband was untrue and that she had suffered the bruise days before it was photographed, but was not sure how she had suffered the bruise.

The state asked respondent's wife whether respondent had beaten her on March 15, 1997. Prior to her response,

---

1. Minnesota Statutes § 634.20 provides:

Evidence of similar conduct by the accused against the victim of domestic abuse, or against other family or household members, is admissible unless the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. "Similar conduct" includes, but is not limited to, evidence of domestic abuse, violation of an order for protection under section 518B.01; violation of a harassment restraining order under section 609.748; or violation of section 609.749 or 609.79, subdivision 1. "Domestic abuse" and "family or household members" have the meanings given under section 518B.01, subdivision 2.

2. Minnesota Rule of Evidence 404(b) provides:

Evidence of another crime, wrong, or act is not admissible to prove the character of a person in order to show action in conformity therewith. It may however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. In a criminal prosecution, such evidence shall not be admitted unless the other crime, wrong, or act and the participation in it by a relevant person are proven by clear and convincing evidence. Evidence of past sexual conduct of the victim in prosecutions under Minn. Stats. § 609.342 to 609.346 is governed by Minn. R. Evid. 412.

the court gave a cautionary instruction that evidence of past acts was about to be offered for the limited purpose of assisting the jury in determining whether the defendant committed the acts with which he was charged. However, respondent's wife testified that she did not remember calling the police on March 15, 1997, did not remember the police arriving, did not remember being diagnosed with multiple contusions, and did not remember telling the police, a nurse, or a doctor that respondent had punched her in the face and struck her in the back of the head with a vacuum cleaner part. Respondent's wife testified that she did remember going to United Hospital on that day and also specifically stated that respondent did not assault her.

Respondent testified in his own defense and admitted that he and his wife argued on December 31, 2001, but denied ever picking up a belt or hitting his wife and denied that she had attempted to call 911 in his presence. On cross-examination, respondent denied hurting his wife physically or emotionally on March 15, 1997, and did not recall whether she visited the hospital that day.

In its closing argument, the state argued that respondent's wife's testimony was not credible because she did not recall telling the staff at United Hospital in 1997 that her husband had beaten her. Respondent, in closing, argued that the state did not present any evidence of the alleged 1997 assault and that the jury should not let the state get away with making allegations of a prior assault without presenting evidence.

The jury found respondent guilty of domestic assault (intent to cause fear of bodily harm), but acquitted respondent of domestic assault (intent to inflict bodily harm) and interference with an emergency call. Respondent was sentenced to 90 days in the Ramsey County workhouse with execution of the sentence conditionally stayed.

On appeal, respondent argued that the district court erred in allowing the admission of evidence of the alleged March 15, 1997, assault of his wife because Minn.Stat. § 634.20 violates the separation of powers between the legislature and the judiciary to the extent that it conflicts with Minn. R. Evid. 404(b). The court of appeals reviewed the legislative history of Minn.Stat. § 634.20 and reversed respondent's conviction. *McCoy*, 668 N.W.2d at 428–29. The court of appeals concluded that the district court erred in admitting evidence of similar prior conduct without determining whether it had been proven by clear and convincing evidence and held that: (1) the legislature did not intend Minn.Stat. § 634.20 to abrogate the clear and convincing evidence requirement for the admission of prior bad acts under Minn. R. Evid. 404(b); and (2) it could not determine as a matter of law whether evidence of the alleged 1997 incident offered by the state satisfied the clear and convincing standard. 668 N.W.2d at 429–30.

## I.

■ We first address the court of appeals' conclusion that "the district court admitted evidence of similar prior conduct." *McCoy*, 668 N.W.2d at 426. While the district court did rule in a pretrial motion that evidence related to the alleged March 15, 1997, incident was admissible pursuant to Minn.Stat. § 634.20, no evidence of the alleged incident, including the police report and medical records, was ever offered or received at trial. The state questioned both respondent and his wife regarding the alleged 1997 assault, but each testified that they did not recall what happened and denied that any abuse had taken place. The state did argue in clos-

ing that respondent's wife's testimony regarding the alleged 2001 assault for which respondent was on trial was not credible because she could not remember telling the police and hospital staff in 1997 that her husband had beaten her. However, the "questions and arguments" of attorneys are not evidence. *See State v. Everett,* 472 N.W.2d 864, 870 n. 3 (Minn.1991) (noting that courts routinely instruct juries on this point). The district court specifically instructed the jury that the questions and arguments of attorneys are not evidence. We hold that the court of appeals erred in concluding that the district court admitted evidence of similar prior conduct.

## II.

■ Next, we consider respondent's argument that the district court erred by allowing the admission of evidence that respondent had previously assaulted his wife under Minn.Stat. § 634.20 without first determining that it had been established by clear and convincing evidence under Minn. R. Evid. 404(b).[3] First, however, we address the court of appeals' review of the legislative history behind Minn. Stat. § 634.20, which it used to conclude that the legislature did not intend the statute to abrogate the clear and convincing evidence requirement for the admission of prior bad acts.

■ In an apparent effort to avoid the constitutional separation of powers issue presented, the court of appeals, without first concluding that Minn.Stat. § 634.20

was ambiguous, looked *sua sponte,* and without the benefit of oral argument, to the legislative history of Minn.Stat. § 634.20.[4] *McCoy,* 668 N.W.2d at 427. The court of appeals did so despite our footnote in *State v. Cross,* in which we noted that through Minn.Stat. § 634.20, "the legislature has expressed an intent to remove evidence of 'similar prior conduct' in domestic abuse (non-homicide) prosecutions from the 'clear and convincing' standard of Rule 404(b)." 577 N.W.2d 721, 726 n. 2 (Minn.1998). The court of appeals also departed from some of its own case law, which holds that the admissibility of evidence under Minn.Stat. § 634.20 depends only on (1) whether the offered evidence is evidence of similar conduct; and (2) whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. *E.g., State v. Waino,* 611 N.W.2d 575, 579 (Minn.App. 2000).

■ We review de novo the court of appeal's interpretation of a statute. *In re Welfare of Children of R.W.,* 678 N.W.2d 49, 54 (Minn.2004). When interpreting a statute, a court must "ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (2002). "When the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit" of a law. *Id.* To ascertain and effectuate the legislature's in-

---

3. Having concluded that evidence of similar prior conduct was not admitted against respondent, we would not necessarily have to address the district court's ruling providing for the admission of evidence under Minn. Stat. § 634.20 and the court of appeals' interpretation of the statute. However, because the court of appeals' opinion is in conflict with other court of appeals' opinions, and confusion over the application of Minn.Stat. § 634.20 is likely to reoccur, we address sec-

tion 634.20 and its application in admitting evidence. *See* Minn. R. Civ.App. P. 103.04 (recognizing that we may review issues "as the interest of justice may require").

4. Apparently, the court of appeals embarked upon its own research on legislative history because neither party briefed this issue to the court of appeals.

tent, courts must "first look[ ] to see whether the statute's language, on its face, is clear or ambiguous." *Am. Family Ins. Group v. Schroedl*, 616 N.W.2d 273, 277 (Minn.2000). A statute is only ambiguous when it is subject to more than one reasonable interpretation. *State v. Stevenson*, 656 N.W.2d 235, 238 (Minn.2003). A court "must give a plain reading to any statute it construes, and when the language of the statute is clear, the court must not engage in any further construction." *Gomon v. Northland Family Physicians, Ltd.*, 645 N.W.2d 413, 416 (Minn.2002).

Minnesota Statutes § 634.20, enacted in 1985 and amended in 1998, 2000 and 2002, specifically provides for the admission of evidence of "similar conduct" by the accused unless it fails to meet a balancing test that considers whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion, misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. This balancing test mirrors the language of Minn. R. Evid. 403, which provides for the exclusion of otherwise relevant evidence based on a similar balancing test. The statute is unambiguous— evidence of similar conduct in domestic abuse trials is relevant and admissible unless it should be excluded for the reasons listed. We therefore reverse the court of appeals and hold, as we noted in *Cross*, 577 N.W.2d at 726 n. 2, that Minn.Stat. § 634.20 provides for the admission of similar conduct in domestic abuse cases without requiring the heightened standard that the evidence be clear and convincing.

### III.

▮ Respondent also argues that evidence of similar conduct by the accused against an alleged victim of domestic abuse cannot be admitted under Minn.Stat. § 634.20 without the "clear and convincing" requirement of Minn. R. Evid. 404(b) because application of the statute violates the separation of powers. We note first that evidence of "similar conduct" is at least conceptually distinct from *Spreigl* evidence,[5] which is governed by Rule 404(b). *Spreigl* evidence is oftentimes evidence of an unrelated crime against another person, which is offered for the purposes listed in Rule 404(b), such as to show identity, opportunity, intent, or modus operandi. *See State v. Shannon*, 583 N.W.2d 579, 583 (Minn.1998). Evidence of prior domestic abuse against the alleged victim may be different from this type of *Spreigl* evidence for at least two reasons: it is evidence of prior conduct between the accused and the alleged victim and it may be offered to illuminate the history of the relationship, that is, to put the crime charged in the context of the relationship between the two.

▮ Our cases indicate that we have treated evidence that illuminates the history of the relationship between a victim and the accused differently from other *Spreigl* evidence, although not consistently. We have long held that "*Spreigl* notice" is not required as a condition for the admissibility of evidence bearing directly on the history of the relationship existing between the defendant and the victim. *State v. Boyce*, 284 Minn. 242, 260, 170 N.W.2d 104, 115 (1969). The rationale for this difference is that the purpose of the notice requirement is to prevent a defendant from being taken by surprise by the introduction of evidence of collateral bad acts. *Id.* at 260, 170 N.W.2d at 115. A defendant is aware that his prior relationship with the victim, "particularly in so far as it involve[s] ill will or quarrels," may be

---

5. *State v. Spreigl*, 272 Minn. 488, 139 N.W.2d 167 (1965).

presented against him. *Id.* at 260, 170 N.W.2d at 115. In *Cross,* we held that evidence of prior domestic abuse does not need to be proven by clear and convincing evidence in first-degree domestic abuse homicide cases. 577 N.W.2d at 725. We reasoned there that the "prior acts were not offered for any of the purposes listed in Rule 404(b)," but rather as direct evidence, offered to prove an element of the offense with which the defendant was charged. 577 N.W.2d at 725. Moreover, in cases decided prior to the incorporation of the clear and convincing evidence requirement into Rule 404(b), we approved arguably *Spreigl* evidence without discussing whether the evidence was clear and convincing. *State v. Blanchard,* 315 N.W.2d 427, 431 (Minn.1982); *State v. Swain,* 269 N.W.2d 707, 714 (Minn.1978); *State v. Schweppe,* 306 Minn. 395, 402, 237 N.W.2d 609, 615 (1975).[6]

 Respondent argues that the district court's ruling allowing for the admission of evidence that he had previously assaulted his wife violated the separation of powers because it was admitted under Minn.Stat. § 634.20. It is well settled that "what judges should and should not consider as evidence in a controversial matter" are rules of evidence, "the decision of which the constitution, by the departmentalization of the powers of government, has delegated exclusively to the courts." *In re*

*Tracy,* 197 Minn. 35, 46, 266 N.W. 88, 93 (1936); *see State v. Johnson,* 514 N.W.2d 551, 553–54 (Minn.1994) (discussing constitutional separation of powers issues). The courts may, however, apply and enforce statutory rules of evidence as a matter of comity. *State v. Willis,* 332 N.W.2d 180, 184 (Minn.1983). "Due respect for the coequal branches of government" commands us to "exercise great restraint before striking down a statute as unconstitutional." *Id.*

We have previously indicated that we will enforce "reasonable statutory rules of evidence as a matter of comity where the rules [do not] conflict with the Minnesota Rules of Evidence." *State v. Larson,* 453 N.W.2d 42, 46 n. 3 (Minn.), *cert. granted and judgment vacated on other grounds,* 498 U.S. 801, 111 S.Ct. 29, 112 L.Ed.2d 7 (1990). Here, respondent argues that Minn.Stat. § 634.20 directly conflicts with Minn. R. Evid. 404(b). Nevertheless, we believe we may appropriately exercise our supervisory power over Minnesota courts by adopting a reasonable statute regulating the admission of evidence even if it does directly conflict with a rule of evidence. *See State v. Wolf,* 605 N.W.2d 381, 387 (Minn.2000) (affording comity to legislature's clearly expressed intent in statute on a procedural matter despite the fact that it conflicted with a rule of civil procedure).[7]

---

**6.** Minnesota Rule of Evidence 404(b) was amended in 1989 to incorporate the clear and convincing evidence requirement. Prior to that time, we had applied the clear and convincing evidence standard for the admission of *Spreigl* evidence since at least *State v. Billstrom,* 276 Minn. 174, 178–79, 149 N.W.2d 281, 284–85 (Minn.1967).

We have recently indicated that when evidence of prior bad acts is offered to illustrate the history of the relationship between a victim and the accused, it should first be determined to be clear and convincing under Minn. R. Evid. 404(b). *State v. Bauer,* 598

N.W.2d 352, 364 (Minn.1999); *State v. Buggs,* 581 N.W.2d 329, 336 (Minn.1998); *State v. Mills,* 562 N.W.2d 276, 285 (Minn.1997). An examination of these cases, however, indicates that our statements were dicta. To the extent that they suggest that evidence admitted under Minn.Stat. § 634.20 must be first shown to be clear and convincing, they are expressly overruled.

**7.** Nothing in this opinion should be read to diminish our longstanding principle that courts have the power to "determine what is judicial and what is legislative; and if it is a

As we have already discussed, our precedent indicates that we have treated evidence that illuminates the history of the relationship between an accused and a victim differently than other, "collateral" *Spreigl* evidence. We believe this different treatment is appropriate in the context of the accused and the alleged victim of domestic abuse. Domestic abuse is unique in that it typically occurs in the privacy of the home, it frequently involves a pattern of activity that may escalate over time, and it is often underreported. *See Cross,* 577 N.W.2d at 727 (citing Joseph Biden, The Violence Against Women Act of 1991, S.Rep. No. 102–197, at 38 (1991)). Domestic abusers often exert control over their victims, which undermines the ability of the criminal justice system to prosecute cases effectively. *Id.; see also* Mary E. Asmus et al., *Prosecuting Domestic Abuse Cases in Duluth: Developing Effective Prosecution Strategies From Understanding the Dynamics of Abusive Relationships,* 15 Hamline L.Rev. 115, 121–22 (1991). This case illustrates the difficulties that can arise in prosecuting domestic abuse crimes. The victim, respondent's wife, testified that she could not remember what she told the police regarding respondent's alleged assault. No one else was able to provide eyewitness testimony regarding the events that transpired. The district court's ruling allowing the admission of evidence of respondent's alleged prior assault of his wife allowed the state to present evidence that, if believed by the jury, could have assisted the jury by providing a context with which it could better judge the credibility of the principals in the relationship.

▮ The purpose underlying Rule 404(b)'s clear and convincing evidence requirement is to "prevent the jury from convicting a defendant for being a 'bad person' or for having a propensity to commit crimes, even where the evidence is insufficient to convict for the crime charged." *Cross,* 577 N.W.2d at 725. Although this heightened evidentiary standard serves the important purpose of helping ensure that a defendant is not unfairly prejudiced, the standard does not implicate a fundamental right. *See Huddleston v. United States,* 485 U.S. 681, 689, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988) (holding that federal courts are not required to make a preliminary finding that the government had proved "other crimes evidence" by even a preponderance of the evidence before submitting evidence of similar acts to the jury). We believe that the interests of justice are best served by allowing the introduction of evidence of similar acts by the accused against the alleged victim of domestic abuse without requiring that they first be established by clear and convincing evidence.

For these reasons, we expressly adopt Minn.Stat. § 634.20 as a rule of evidence for the admission of evidence of similar conduct by the accused against the alleged victim of domestic abuse. The district court did not abuse its discretion by ruling that the state could introduce evidence of respondent's alleged March 15, 1997, assault of his wife without first determining that the evidence was clear and convincing.

Reversed.

BLATZ, C.J., and HANSON, J., took no part in the consideration or decision of this case.

judicial function that the legislative act purports to exercise, [this court] must not hesitate to preserve what is essentially a judicial function." *Sharood v. Hatfield,* 296 Minn. 416, 423, 210 N.W.2d 275, 279 (1973).