Thomas William WESTBY,
petitioner, Respondent,

v.

COMMISSIONER OF PUBLIC
SAFETY, Appellant.

No. A07–0914.

Court of Appeals of Minnesota.

Dec. 4, 2007.

As Modified Dec. 5, 2007.

Jeffrey B. Ring, Jeffrey B. Ring & Associates, Minneapolis, MN, for respondent.

Lori Swanson, Attorney General, Jeffrey F. Lebowski, Jeffrey Bilcik, Assistant Attorneys General, St. Paul, MN, for appellant.

Considered and decided by HUDSON, Presiding Judge; WILLIS, Judge; and MINGE, Judge.

## OPINION

HUDSON, Judge.

This is an appeal from a district court decision rescinding the revocation of respondent Thomas Westby's driver's license

in an implied-consent case. Appellant Commissioner of Public Safety argues that the district court erred in ruling that a state trooper did not have the authority to stop respondent because the traffic infraction did not occur on a state trunk highway. Appellant argues that the state trooper had authority to stop respondent because (a) he had specific statutory authority under Minn.Stat. § 299D.03, subd. 1(b)(12) (2006), which provides that peace officers may make arrests for public offenses committed in their presence anywhere in the state; (b) he was acting in the course and scope of his employment under Minn.Stat. § 629.40, subd. 3 (2006); and (c) he was acting in his capacity as a citizen who observed a traffic violation committed in his presence. Respondent filed a notice of review challenging the district court's factual findings.

Because we conclude that the state trooper had the authority under Minn.Stat. § 299D.03 to stop and arrest respondent, we reverse the district court's decision rescinding the revocation of respondent's driver's license. Because the district court did not make any factual findings regarding the propriety of the stop, we remand.

### FACTS

Around midnight on November 22, 2006, a Minnesota State Patrol trooper was on County Road 7 in Cook County when he noticed a vehicle stopped at a stop sign on County Road 15. The driver of the vehicle was later identified as respondent Thomas Westby. The state trooper was approximately a quarter-mile away from respondent's vehicle when he saw it turn left onto the Gunflint Trail without signaling.

The trooper followed respondent, and as he neared respondent's vehicle, the trooper noticed respondent weaving within the lane of traffic and driving briefly over the fog line onto the gravel shoulder of the Gunflint Trail. The trooper then activated his lights to pull respondent over. After activating his lights, the trooper noticed that respondent drove over the center line. The trooper stated that respondent "wasn't responding to my flashing lights" and that it "took approximately 18 seconds ... for him to indicate ... that there was any trooper behind him that wanted to pull him over.... I mean, there [were] no brake lights [for] 18 seconds.... [Respondent] didn't slow down or anything." After stopping respondent, the trooper administered an Intoxilyzer test, which showed that respondent had an alcohol concentration over the legal limit. Respondent's driver's license was subsequently revoked under Minnesota's implied-consent law.

On December 1, 2006, respondent requested an implied-consent hearing before the district court to review his license revocation and criminal DWI case under Minn.Stat. § 169A.53 (2006) (governing judicial review of driver's license revocations). During the February 6, 2007 hearing, the district court asked the parties: "Maybe I'm missing something here.... County Road 15 ... is not a state highway.... Is it legally significant to anybody why the Trooper ... is patrolling on county roads[?]" Neither party answered in the affirmative. At the conclusion of the hearing, the district court took the matter under advisement.

On February 15, 2007, the district court wrote to both parties asking that they address whether, in light of the provisions of Minn.Stat. § 299D.03, subd. 1 (2006), "the patrolling outside and away from trunk highway 61 (the only trunk highway in the area) and not in the process of assisting or responding to an emergency has a bearing on the State's entitlement to

go forward with this prosecution." Both parties responded to the district court's request by letter. Respondent argued that a state trooper's powers of traffic enforcement are limited to trunk highways. Appellant argued that the trooper in this case was "acting within the course and scope of his employment" when he stopped respondent's vehicle.

On April 25, 2007, the district court issued a written order dismissing the proceedings against respondent.[1] The district court stated that "[t]he Court accepts as established for the purposes of this Order the representations set out in the letter Memorandum of the Commissioner under date of 3 April 2007, including particularly at the time of the stop, the Trooper was on 'patrol' in the city of Grand Marais." The district court also acknowledged that there are "a number of statutory provisions that justify stops by troopers not on or adjacent to a state trunk highway," and that

> troopers may travel to or from state trunk highways to get from their homes to the highway, to get from their duty station office (in Cook County at the Cook County Law Enforcement Center), or indeed, for a variety of circumstances, including the investigation of accidents and interviewing of witnesses in locations not on the state highways. The law makes clear that what they observe under such circumstances does allow them to act.

But the district court went on to conclude that "[t]here is no authority ... for troopers to take it upon themselves to decide when and under what circumstances to patrol city streets, county or township roads, or, indeed which streets or roads to patrol beyond state Trunk Highways." The district court held that "the Court, on its own motion and without request by any party, determines and concludes there is a lack of jurisdiction for the case to go for-

ward and orders or directs that the proceedings be dismissed." This appeal follows.

## ISSUES

I. Did the district court err by dismissing the proceedings against respondent and rescinding the revocation of respondent's driver's license?

II. Were the district court's factual findings erroneous?

## ANALYSIS

### I

Appellant argues that the district court erred by dismissing the proceedings against respondent and rescinding the revocation of respondent's driver's license because Minn.Stat. § 299D.03, subd. 1(b)(12) (2006), provides clear, unambiguous statutory authority for the state trooper to legally stop and arrest respondent. We agree.

 Statutory construction is a question of law, which this court reviews de novo. *Brookfield Trade Ctr., Inc. v. County of Ramsey,* 584 N.W.2d 390, 393 (Minn. 1998). "When interpreting a statute, we first look to see whether the statute's language, on its face, is clear or ambiguous. A statute is only ambiguous when the language therein is subject to more than one reasonable interpretation." *Am. Family Ins. Group v. Schroedl,* 616 N.W.2d 273, 277 (Minn.2000) (quoting and citation omitted).

 Members of the Minnesota State Patrol are permitted to "enforce the provisions of the law relating to the protection of and use of trunk highways" and to "exercise upon all trunk highways the same powers with respect to the enforcement of laws relating to crimes, as sheriffs and police officers." Minn.Stat.

---

1. It appears that the court intended to dismiss the criminal proceedings and to rescind the license revocation and we have so construed the order. The state's appeal of the *dismissal* of criminal charges was untimely and is not before us. *State v. Westby,* No. A07-962 (Minn.App. June 5, 2007) (order dismissing appeal).

§ 299D.03, subd. 1(b)(1), (7) (2006). Section 299D.03, subdivision 1(b)(12), also provides that Minnesota State Patrol troopers shall have the power and authority "as peace officers to make arrests for public offenses committed in their presence anywhere within the state. Persons arrested for violations other than traffic violations shall be referred forthwith to the appropriate local law enforcement agency for further investigation or disposition." "Trunk highways" are "all roads established or to be established under the provisions of article 14, section 2 of the Constitution of the state of Minnesota." Minn.Stat. § 160.02, subd. 29 (2006).

Neither party argues that the language of section 299D.03 is ambiguous, and upon careful examination, we can find no ambiguity. Therefore, we give the statutory language its plain meaning and do not engage in any further construction. *State v. McCoy*, 682 N.W.2d 153, 159 (Minn. 2004). We conclude that the plain language of subdivision 1(b)(12) grants state troopers the authority to stop and arrest individuals for a public offense anywhere in the state, provided the offense is committed in the presence of the trooper. Accordingly, the state trooper had the authority to stop respondent on County Road 15.

Respondent maintains that to give meaning to subdivision 1(b)(12) would be to "render[ ] the first portions of the statute a nullity—completely superfluous." We disagree.

This court must interpret a statute, "whenever possible, to give effect to all of its provisions; 'no word, phrase, or sentence should be deemed superfluous, void, or insignificant.'" *In re Kleven*, 736 N.W.2d 707, 709 (Minn.App.2007) (quotation omitted). We are "to read and construe a statute as a whole and must interpret each section in light of the sur-

rounding sections to avoid conflicting interpretations." *Id.* (quotation omitted). To adopt respondent's interpretation of 299D.03 would be to create redundancy where none exists.

Under subsections 1(b)(1) and (7) of section 299D.03, the subsections which most closely resemble 1(b)(12), troopers have the authority to enforce both traffic and criminal laws on state trunk highways. But these subsections are readily distinguishable from 1(b)(12), which allows state troopers to arrest anywhere in the state but limits that power to public offenses committed in his or her presence. We conclude that subdivision 1(b)(12) is not duplicative.

Respondent also argues that subdivision 1(b)(12) permits a trooper to make arrests anywhere in the state for violations occurring in his or her presence, but "first they have to be in the place they are observing the violation legally, under all the patrol limitations already set forth in the statute." The plain language of § 299D.03, subd. 1(b)(12), does not support this interpretation. The statutory language specifically states that a trooper can arrest a person for a public offense "anywhere within the state," the only limit being that the offense occur in the state trooper's presence. *Id.* The authority granted by subdivision 1(b)(12) is not dependent upon, but rather an independent addition to, the powers and authority granted by the remaining provisions of subdivision 1(b).

For all of these reasons, we conclude that the district court erred when it concluded that the state trooper did not have the authority to stop and arrest respondent on a road that was not a state trunk highway, and we reverse its decision. Because we reverse on this ground, we do not address appellant's remaining arguments.

## II

By notice of review, respondent argues that (1) the district court did not actually make factual findings regarding whether the state trooper had sufficient reasonable suspicion for a traffic stop; and (2) if the district court did make such findings, they were erroneous.

Although the district court specifically referenced the testimony of the state trooper in its order and described the evidence presented regarding the trooper's observations and actions, it did not make any specific factual findings or credibility determinations. The language of the district court's order and memorandum suggests that the court was reluctant, or thought it unnecessary, to make factual findings because it concluded dismissal was warranted on legal grounds. Because the district court did not make any findings regarding whether there was reasonable suspicion to justify a stop, we remand for such findings.

### DECISION

Under Minn.Stat. § 299D.03, subd. 1(b)(12) (2006), the state trooper had the authority to stop and arrest respondent for a public offense committed in his presence on a road that was not a state trunk highway.

**Reversed and remanded.**