*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0202**

State of Minnesota,
Respondent,

vs.

Louis Duane Bennett,
Appellant.

**Filed December 27, 2016
Affirmed
Reilly, Judge**

Steele County District Court
File No. 74-CR-15-1063

Lori Swanson, Attorney General, Edwin W. Stockmeyer, Assistant Attorney General, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jennifer Workman Jesness, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Bjorkman, Presiding Judge; Connolly, Judge; and Reilly, Judge.

## UNPUBLISHED OPINION

**REILLY**, Judge

Appellant challenges his felony domestic assault conviction on the ground that the district court abused its discretion by admitting evidence of a prior domestic conduct incident as relationship evidence under Minnesota Statutes section 634.20. Because the

probative value of the evidence was not outweighed by its danger for unfair prejudice, we affirm.

## FACTS

This appeal arises out of appellant Louis Duane Bennett's conviction of felony domestic assault (fear) against his then-girlfriend, K.B. Appellant and K.B. attended a party at a friend's home. During the course of the evening, appellant became angry with K.B. and punched her in the right eye, causing her to briefly lose her vision and fall to the floor. K.B. left the party and drove to a Rochester women's shelter with her daughter. K.B. went to the hospital the following day, where a police officer observed that she had bruising and "fresh scratches" on the right side of her forehead and her scalp, bruising around her right eye, and scratches and abrasions on her forehead.

The state charged appellant with one count of felony domestic assault (fear) and one count of felony domestic assault (harm). Appellant entered a plea of not guilty and the matter was tried to a jury. Prior to trial, appellant stipulated to the existence of two prior domestic abuse-related convictions within the past ten years. The state also sought to introduce relationship evidence of numerous past instances of domestic assault between appellant and K.B., spanning the course of approximately a year and a half. The defense objected on the ground that the prejudicial effect of the relationship evidence substantially outweighed its probative value. The district court determined that evidence of a single domestic assault incident from approximately two weeks before the party was admissible as relationship evidence because it was "relevant to the State in establishing whether or not the events alleged [in the present case] would have put [K.B.] in fear of bodily harm."

2

The district court read a cautionary instruction prior to admitting K.B.'s testimony:

> The State is about to introduce evidence of conduct by [appellant]. . . . This evidence is being offered for the limited purpose of demonstrating the nature and extent of the relationship between [appellant] and [K.B.] in order to assist you in determining whether [appellant] committed those acts with which he is charged in the complaint. [Appellant] is not being tried for and may not be convicted of behavior other than the two charged offenses at issue in trial. You are not to convict [appellant] on the basis of any conduct from [the earlier incident].

Following this instruction, the prosecutor asked K.B. if "this [was] the first time that [appellant] had been violent" with her. K.B. testified that approximately two weeks before the party, appellant "got into a rage" and hit her on the back of her head. K.B. and her daughter went to the Rochester women's shelter, where she was living at the time of the present offense.

The jury convicted appellant of both offenses and the district court imposed the guidelines sentence, from which appellant now appeals.

## D E C I S I O N

"Evidence of domestic conduct by the accused against the victim of domestic conduct . . . is admissible unless the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Minn. Stat. § 634.20 (2014). This evidence, known as "relationship evidence," is distinct from rule 404(b) bad-acts evidence because it evinces "prior conduct between the accused and the alleged victim and it may be offered to illuminate the history of the

3

relationship, that is, to put the crime charged in the context of the relationship between the two." *State v. McCoy*, 682 N.W.2d 153, 159 (Minn. 2004). A defendant is presumed to be "aware that his prior relationship with the victim, particularly in so far as it involves ill will or quarrels," may be offered against him at trial. *Id*. at 159-60 (quotation omitted). We review a district court's decision to admit relationship evidence for an abuse of discretion. *State v. Lindsey*, 755 N.W.2d 752, 755 (Minn. App. 2008), *review denied* (Minn. Oct. 29, 2008). Appellant bears the burden of establishing that the district court abused its discretion and that he was prejudiced. *Id*.

Appellant challenges the district court's admission of the prior domestic assault incident as relationship evidence, arguing that the probative value of the evidence was outweighed by the danger of its prejudicial effect. "When balancing the probative value against the potential prejudice, unfair prejudice is not merely damaging evidence, even severely damaging evidence; rather, unfair prejudice is evidence that persuades by illegitimate means, giving one party an unfair advantage." *Id.* at 757 (quotation omitted). Here, the state sought to introduce evidence of several domestic assault incidents between appellant and K.B. over the course of nearly a year and a half. The district court permitted the state to make only a "limited inquiry" into a single incident, and did not allow the state to present any other relationship evidence because the court "[did not] want the trial to devolve into some free-for-all of generic allegations from unspecified old dates, that really derails the process in finding the facts in this particular case." The district court later reiterated that the state was limited to one incident because:

4

[The earlier incident] was close enough in time that it could impact the reasonableness of her fear, if in fact she testifies that there was fear. Also, it's a very specific event because a criminal complaint was filed. I think the parties are on good notice as to what the parameters are of the allegations there. Some of the other events that the State has referenced are more diffuse in terms of what happened. . . . I am concerned that we get too far [afield] from what the business is at hand, but at that point then it can become confusing for the jury and we don't want things confusing.

The evidence offered by the state of a prior act of domestic violence committed by appellant against K.B. was highly probative of their relationship history and provided context for the events leading up to the current offense. *See, e.g.*, *McCoy*, 682 N.W.2d at 161 (recognizing that relationship evidence "assist[s] the jury by providing a context with which it could better judge the credibility of the principals in the relationship"); *State v. Meyer*, 749 N.W.2d 844, 850 (Minn. App. 2008) ("Minnesota courts have recognized the inherent probative value of evidence of past acts of violence committed . . . by the same defendant against the same victim.").

Moreover, the probative value of the evidence was not substantially outweighed by its prejudicial effect. The district court limited the evidence to a single event and further minimized any potential prejudice to appellant by providing a cautionary instruction to the jury. A limiting instruction to the jury mitigates the potential for unfair prejudice, *State v. Kennedy*, 585 N.W.2d 385, 392 (Minn. 1998), and we assume that the jury follows the district court's instructions, *State v. Ferguson*, 581 N.W.2d 824, 833 (Minn. 1998). Prior to K.B.'s testimony, the district court instructed the jury that her testimony was offered for the "limited purpose" of assisting the jury in its deliberations and "for the limited purpose

5

of demonstrating the nature and extent of the relationship" between appellant and K.B. The district court cautioned that the evidence could not be used to prove appellant's character or that he acted in conformity with that character. The district court's cautionary instruction "lessened the probability of undue weight being given by the jury to the evidence." *Lindsey*, 755 N.W.2d at 757 (quotation omitted).

In sum, we conclude that the probative value of the relationship evidence outweighed any unfair prejudice. The district court did not abuse its discretion in admitting relationship evidence under Minnesota Statutes section 634.20.

**Affirmed.**