GILDEA, Chief Justice.
The question presented in this case is whether the district court committed reversible error when the court did not, sua sponte, give a limiting instruction regarding the proper use of relationship evidence admitted under Minn. Stat. § 634.20 (1996).[1] The State charged respondent *274 Danny Lee Zinski with first-degree burglary and fourth-degree criminal sexual conduct. At trial, the district court admitted 634.20 evidence[2] without sua sponte instructing the jurors on the proper use of that evidence. On appeal, Zinski argued that the district court committed an error that was plain when the court failed to sua sponte instruct the jurors on the proper use of 634.20 evidence. The court of appeals agreed with Zinski and held that the district court's failure to sua sponte instruct the jurors on the proper use of 634.20 evidence was an error that was plain. Although we announce a new rule that clarifies the law, the relevant law was unsettled at the time of appellate review, and, therefore, the court of appeals erred when the court concluded that Zinski had established an error that was plain. Accordingly, we reverse.
FACTS
The State charged Zinski with burglary in the first degree under Minn. Stat. § 609.582, subd. 1(c) (1996), and criminal sexual conduct in the fourth degree under Minn. Stat. § 609.345, subd. 1(c) (2018), in connection with conduct involving D.S. Zinski and D.S. had been in a romantic relationship, but D.S. had ended the relationship just before the incident that gave rise to the charges.
Zinski pleaded not guilty, and the matter proceeded to trial.[3] At trial, the district court admitted 634.20 evidence.[4] Specifically, D.S. testified that Zinski had repeatedly verbally and physically abused her during their relationship. Two neighbors and friends of D.S. testified that they had seen Zinski verbally abuse D.S. And L.S., who is D.S.'s son, testified that Zinski verbally and physically abused D.S.
Zinski did not ask for, and the district court did not give, a limiting instruction on the proper use of 634.20 evidence, either when the evidence was introduced or in the final jury instructions. The jury found Zinski guilty on both counts.
On appeal, Zinski argued that the district court committed an error that was *275 plain when it failed to sua sponte instruct the jurors on the proper use of 634.20 evidence. In support of his argument, Zinski cited State v. Word , 755 N.W.2d 776, 785 (Minn. App. 2008), for the proposition that the failure to sua sponte instruct the jurors on the proper use of 634.20 evidence is an error that is plain. While Zinski's appeal was still pending in the court of appeals, the court of appeals issued its opinion in State v. Melanson , 906 N.W.2d 561 (Minn. App. 2018). In Melanson , the court of appeals held that "the district court did not plainly err in failing to provide a limiting instruction sua sponte to the jury regarding the admission of [634.20] evidence." Id. at 568.
Despite the apparent conflict between Word and Melanson , the court of appeals held that the district court's failure to sua sponte instruct the jurors on the proper use of 634.20 evidence in Zinski's case was a plain error that entitled him to a new trial. We granted the State's petition for review.
ANALYSIS
Because Zinski did not ask the district court to instruct the jurors on the proper use of the 634.20 evidence and did not object to the court's final jury instructions, he has forfeited appellate review of the jury-instruction issue. See State v. Goodloe , 718 N.W.2d 413, 422 (Minn. 2006) ("Failure to request specific jury instructions or to object to instructions given generally results in forfeiture of the issue on appeal."). But, under the plain-error doctrine, an appellate court has the discretion to consider a forfeited issue if the defendant establishes (1) an error, (2) that was plain, and (3) that affected his substantial rights.[5] Id. ; see State v. Matthews , 779 N.W.2d 543, 548 (Minn. 2010). Under our precedent, "[a]n error is plain if it 'contravenes case law, a rule, or a standard of conduct.' " State v. Hayes , 831 N.W.2d 546, 555 (Minn. 2013) (quoting State v. Ramey , 721 N.W.2d 294, 302 (Minn. 2006) ).
On appeal, the State asks us to reverse the court of appeals' conclusion that the district court's plain error entitles Zinski to a new trial. According to the State, relevant precedent was unclear at the time of Zinski's appeal on whether a limiting instruction was required concerning 634.20 evidence, and so the district court's failure to give the instruction cannot have been an error that was plain. For his part, Zinski relies on case law as it existed at the time of his trial and argues that we should affirm the court of appeals. We agree with the State.
I.
Turning to the first prong of the plain-error analysis, the State argues that the district court did not err in failing to sua sponte give a limiting instruction. Zinski disagrees. Even if we assume that the district court erred by failing to sua sponte instruct the jurors on the proper use of 634.20 evidence, Zinski is not entitled to relief because he failed to establish that the alleged error was plain.[6]
*276 A plain error is an error that "contravenes case law, a rule, or a standard of conduct." Ramey , 721 N.W.2d at 302. According to Zinski, the district court's failure to sua sponte instruct the jurors on the proper use of 634.20 evidence clearly contravened relevant case law. We disagree. Based on our review of the relevant decisions issued by our court and the court of appeals, we conclude that the law at the time of appellate review does not clearly require a district court to sua sponte instruct the jurors on the proper use of 634.20 evidence.
In urging us to reach a different conclusion, Zinski relies on State v. Bauer , 598 N.W.2d 352 (Minn. 1999). But that reliance is misplaced because it is unclear whether our analysis in that case even dealt with 634.20 evidence. In Bauer , the defendant argued that the trial court committed plain error by failing to sua sponte give the jurors any limiting instructions regarding the use of "relationship evidence." Id. at 365. In addressing the defendant's argument, we said, "[a]s a general rule, even absent a request by the defense, such instructions should be given prior to the admission of 404(b) evidence and again at the end of trial to help ensure that the jury does not use the evidence for an improper purpose." Id. (emphasis added). At no point in Bauer did we ever cite, much less discuss, section 634.20. Id. at 365-66. Instead, Bauer uses the term "relationship evidence" interchangeably with the term "404(b) evidence." Id. For example, in deciding that the district court's failure to give a limiting instruction was not plain error, we noted that "in its closing argument, the [S]tate prefaced its summary of the relationship evidence by pointing out that the evidence was relevant to show motive , a permissible use." Id. (emphasis added). Rule 404(b) specifically states that "proof of motive" is a permissible use. Section 634.20, by contrast, does not list permissible uses because the evidence is presumptively admissible unless the probative value is substantially outweighed by other concerns. Accordingly, because Bauer referred to "relationship evidence" and "404(b) evidence" interchangeably, Bauer did not create a clear requirement for a district court to sua sponte instruct the jurors on the proper use of 634.20 evidence.
Moreover, even if Bauer had clearly dealt with 634.20 evidence, as Zinski contends, the guidance we provided in Bauer was equivocal. After noting "that the trial court did not provide any limiting instructions to the jury regarding the use of the relationship evidence," we stated that "[a]s a general rule , even absent a request by the defense, such instructions should be given prior to the admission of 404(b) evidence and again at the end of trial to help ensure that the jury does not use the evidence for an improper purpose." Id. at 365 (emphasis added). Our use of the words "general rule" and "should" can hardly be read as creating a clear requirement that a district court sua sponte give a *277 limiting instruction to the jurors for any type of relationship evidence.
Zinski's reliance on State v. Williams , 593 N.W.2d 227 (Minn. 1999), is misplaced for the same reason. In Williams , we discussed the failure of the district court to give limiting instructions as to the proper use of evidence of the defendant's past abuse. Id. at 236. Williams addressed relationship evidence that was admitted under Rule 404(b) -and refers to it as "404(b) evidence"-but we acknowledged in a footnote that the evidence was also relevant under section 634.20. See id. at 236-37, 236 n.1. We stated that "although the failure to give limiting instructions [for relationship evidence] in certain circumstances may constitute plain error, we hold that it does not do so in this case." Id. at 237. Like Bauer , Williams cannot be read as creating a clear requirement that a district court sua sponte give a limiting instruction for 634.20 evidence.[7]
The parties also rely on decisions from the court of appeals. But the case law from the court of appeals at the time of appellate review also does not clearly require a district court to sua sponte instruct the jurors on the proper use of 634.20 evidence. In some cases, the court of appeals has held that a district court's failure to sua sponte instruct the jurors on the proper use of 634.20 evidence is an error that is plain. See State v. Barnslater , 786 N.W.2d 646, 654 (Minn. App. 2010) (stating that "[i]n light of [its] decisions in Word and Meldrum , the district court's error in failing to instruct the jury regarding the proper use of [634.20] evidence was plain" but concluding that this error did not affect the defendant's substantial rights), rev. denied (Minn. Oct. 27, 2010); State v. Word , 755 N.W.2d 776, 785 (Minn. App. 2008) (stating that "[i]n light of our decision in Meldrum , the district court should have issued cautionary instructions related to the proper use of [634.20] evidence, and the failure to do so represented error that was plain" but concluding that "the lack of an instruction was not prejudicial and did not affect [the defendant's] substantial rights"); State v. Meldrum , 724 N.W.2d 15, 21-22 (Minn. App. 2006) (stating that "[u]pon admittance of [634.20] evidence, even in the absence of a request from counsel, the district court should provide a cautionary instruction when the evidence is admitted, and again during its final charge to the jury" but concluding that defendant was not entitled to a new trial after analyzing the third prong of the plain-error test), rev. denied (Minn. Jan. 24, 2007).
But more recently, the court of appeals has held that a district court's failure to sua sponte instruct the jurors on the proper use of 634.20 evidence is not an error that is plain.[8]
*278 Melanson , 906 N.W.2d at 568. Because Melanson was released two weeks before the court of appeals issued its decision in Zinski's case, the court of appeals' case law at the time of appellate review was unsettled.
In sum, the law at the time of appellate review did not clearly require a district court to sua sponte instruct the jurors on the proper use of 634.20 evidence. Accordingly, the court of appeals erred when it concluded Zinski had established an error that was plain.
II.
As explained above, there is a lack of clarity in the case law regarding whether the district court's failure to sua sponte give a limiting instruction is error that is plain. We take this opportunity to resolve that conflict and clarify the law. See State v. Milton , 821 N.W.2d 789, 807-08 (Minn. 2012) (clarifying the law after holding that the defendant failed to establish an error that was plain because our court had not yet clearly required district courts to give the jury instruction in question).
In State v. McCoy , we said that "we have treated evidence that illuminates the history of the relationship between a victim and the accused differently from other, Spreigl evidence, although not consistently." 682 N.W.2d 153, 159 (Minn. 2004). Specifically, we said that "[e]vidence of prior domestic abuse against the alleged victim may be different from [Spreigl evidence of an unrelated crime against a different person] for at least two reasons." Id. First, "it is evidence of prior conduct between the accused and the alleged victim." Id. Second, "it may be offered to illuminate the history of the relationship, that is, to put the crime charged in the context of the relationship between the two." Id. We adopt a new rule today in light of these differences, in order to ensure that any 634.20 evidence admitted is used for its proper purpose.
For trials held after the release of this opinion, we adopt the following rule: when a district court admits relationship evidence under Minn. Stat. § 634.20, over a defendant's objection that the evidence does not satisfy section 634.20, the court must sua sponte instruct the jurors on the proper use of such evidence, unless the defendant objects to the instruction by the court.[9]
*279 In adopting this new rule, we are mindful that requiring a district court to sua sponte instruct the jurors on the proper use of 634.20 evidence arguably impacts two important interests. First, this requirement could undermine the interests embodied in the doctrine of forfeiture-encouraging all trial participants to seek a fair and accurate trial the first time around. See State v. Kelley , 855 N.W.2d 269, 278 (Minn. 2014) (noting that encouraging objections in the district court allows errors to be "corrected before their full impact is realized"). Second, requiring a district court to sua sponte provide such an instruction could undercut the strategic interests of defendants-not drawing attention to potentially prejudicial issues. See State v. Vance , 714 N.W.2d 428, 443 (Minn. 2006) ("[C]ourts are hesitant to sua sponte give an instruction because an instruction may draw additional attention to potentially prejudicial issues.").
The rule we adopt today minimizes the impact on these two important interests and provides needed clarity. By requiring a defendant to object to the admission of relationship evidence under Minn. Stat. § 634.20 before a district court is required to provide a cautionary instruction, the rule encourages criminal defendants to seek a fair and accurate trial the first time around. And because the rule only requires a district court to sua sponte instruct the jurors on the proper use of 634.20 evidence if the defendant does not object to such action by the court, the rule protects the defendant's strategic interests.
CONCLUSION
For the foregoing reasons, we reverse the decision of the court of appeals.
Reversed.
Concurring, Lillehaug, McKeig, JJ.
CONCURRENCE

The district court applied, and we analyze, for the purposes of plain-error analysis, the version of the statute in effect at the time of the alleged offenses, in 1995. Under that version of the statute, Minn. Stat. § 634.20 (1996), "[e]vidence of similar prior conduct by the accused against the victim of domestic abuse ... is admissible unless the probative value is substantially outweighed by the danger of unfair prejudice...." Section 634.20 has been amended a number of times since 1996 and now includes evidence of domestic conduct by the accused against "other family or household members." Minn. Stat. § 634.20 (2018). These amendments, however, were not essential to later-decided appellate cases that discuss whether district courts should sua sponte provide a limiting instruction for evidence admitted under section 634.20. Accordingly, we include those cases in our analysis of Zinski's argument that the district court committed reversible plain error.

We refer to evidence admitted under section 634.20 as "634.20 evidence." We use this term to draw a distinction between the general relationship evidence discussed in State v. Loving , 775 N.W.2d 872, 879-80 (Minn. 2009), and relationship evidence admitted under Minn. Stat. § 634.20.

Zinski initially pleaded guilty but was later allowed to withdraw his guilty plea. Zinski v. State , No. A14-0984, 2015 WL 4171341, at *5 (Minn. App. July 13, 2015). As a result, there is a substantial gap between the date of offense (September 29, 1995) and this appeal.

Section 634.20 regulates the admission of evidence, which is delegated exclusively to the judicial branch, but "courts may ... apply and enforce statutory rules of evidence as a matter of comity." State v. McCoy , 682 N.W.2d 153, 160 (Minn. 2004). In McCoy , we addressed a separation-of-powers challenge to Minn. Stat. § 634.20, as well as the argument that evidence introduced under section 634.20 should be established by clear and convincing evidence as required by Minn. R. Evid. 404(b). 682 N.W.2d at 158-61. We rejected both arguments and, as a matter of comity, "expressly adopt[ed] Minn. Stat. § 634.20 as a rule of evidence for the admission of evidence of similar conduct by the accused against the alleged victim of domestic abuse." Id. at 160-61. In State v. Fraga , 864 N.W.2d 615, 627 (Minn. 2015), we explicitly extended that adoption to the amended version of Minn. Stat. § 634.20.

If the first three prongs are satisfied, the appellate court considers whether reversal is required to ensure " 'the fairness, integrity, or public reputation of judicial proceedings.' " State v. Watkins , 840 N.W.2d 21, 28 (Minn. 2013) (quoting State v. Scruggs , 822 N.W.2d 631, 642 (Minn. 2012) ).

In State v. Kelley , 855 N.W.2d 269, 277 (Minn. 2014), we held "that for purposes of applying the plain-error doctrine the court examines the law in existence at the time of appellate review, not the law in existence at the time of the district court's error, to determine whether an error is plain." At oral argument, Zinski argued that we should apply a different rule in his case. According to Zinski, the time-of-appellate-review rule from Kelley should apply only when the law has changed in favor of the defendant. When the law changes in favor of the State while the case is on appeal, Zinski argues that the law in effect at the time of trial should control the plain-error question. We are not persuaded. To hold as Zinski advocates would undermine the basic principles that animated our analysis in Kelley . More specifically, carving out an exception to the time-of-appellate-review rule whenever the law changes in the State's favor would not only undermine the basic principle that an appellate court must apply the law in effect at the time it issues its decision, an exception would also complicate the law by adopting a standard that is no longer unified. We therefore hold that, under a plain-error analysis, a court must examine the law as it exists at the time of appellate review regardless of whether the law has changed in favor of the defendant or the State.

Although not cited by the parties, our decision in State v. Fraga also does not squarely address the issue of whether limiting instructions must be given for 634.20 evidence. See 864 N.W.2d 615, 626-27 (Minn. 2015). After clarifying that evidence of the defendant's assault of a family member fell under section 634.20, we said, "[i]n a new trial, precisely how such evidence is offered, its probative value, the possibility of unfair prejudice, and the necessity of cautionary instructions to the jury will, of course, depend on the context ." Id. at 627 (emphasis added).

In Melanson , the court of appeals relied on our decision in State v. Taylor , 869 N.W.2d. 1 (Minn. 2015). See 906 N.W.2d at 567-68. Taylor addressed the defendant's argument that he was entitled to a new trial because the district court permitted the State to impeach him with two prior felony convictions but failed to give a limiting instruction sua sponte. See 869 N.W.2d at 17. Taylor discussed an analogy between evidence of prior convictions and Spreigl evidence. Id. at 18 ; see generally Minn. R. Evid. 404(b) ; State v. Asfeld , 662 N.W.2d 534, 542 (Minn. 2003) (defining Spreigl evidence as "evidence of a defendant's prior crimes, wrongs, or acts, which would otherwise be inadmissible, but which the [S]tate can seek to have admitted for the limited purpose of showing motive, intent, absence of mistake, identity, or a common scheme or plan"). Taylor concluded that "[b]ecause Bissell [a case addressing limiting instructions for evidence of prior convictions] and analogous Spreigl cases do not require a limiting instruction to be given sua sponte, the district court did not err, much less plainly err." 869 N.W.2d at 18. Melanson , in turn, applied Taylor to 634.20 evidence, stating "[w]e believe that Taylor 's analogy to Spreigl evidence is even more apt in the context of relationship evidence." 906 N.W.2d at 568. Melanson acknowledged "the strong preference that a district court give a limiting instruction for relationship evidence." Id. But, applying Taylor to 634.20 evidence, the court of appeals concluded that the district court did not commit an error that was plain by failing to provide a limiting instruction sua sponte regarding 634.20 evidence. Id.

The concurrence objects to the rule we adopt for 634.20 evidence, contending that the rule conflicts with Minnesota Rule of Evidence 105 and arguing that we ought to send the question to the Advisory Committee on the Rules of Evidence. As a matter of comity, we have adopted section 634.20 as a rule of evidence. McCoy , 682 N.W.2d at 161. We did so under our supervisory powers without sending the question to the Advisory Committee. Indeed, we held that 634.20 evidence is not subject to other provisions in the Rules of Evidence. See id. at 160-61 (rejecting contention that 634.20 evidence was subject to requirements of Minn. R. Evid. 404(b) and stating that "we believe we may appropriately exercise our supervisory power over Minnesota courts by adopting a reasonable statute regulating the admission of evidence even if it does directly conflict with a rule of evidence"). The rule we announce today is consistent with the approach we took in McCoy .