LILLEHAUG, Justice (concurring)
I join Part I of the opinion of the court, which decides the case by reversing the decision of the court of appeals. I write separately because I respectfully disagree with Part II of the opinion, which is not necessary to resolve the case.[1] Part II announces two new rules. The first is that, when relationship evidence under Minnesota Statutes § 634.20 (2018) is admitted over a defendant's objection, the court must (not just should) sua sponte instruct the jurors on the proper use of that evidence. The second rule is that, notwithstanding the first rule, the court must not give such an instruction if the defendant objects.
I am aware of no other instance (at least, in a non-constitutional context) where we have either required district courts to give a limiting instruction sua sponte,[2] or granted a party veto power *280 over whether the district court gives an instruction. One would expect that the reasons for such groundbreaking new rules would be explained at length. But the opinion says little about why section 634.20 relationship evidence requires these unprecedented rules.
In many respects, section 634.20 relationship evidence is similar to Spriegl other-bad-acts evidence. See Minn. R. Evid. 404(b) (governing the admissibility of "[o]ther crimes, wrongs, or acts"). But in the Spriegl context, we have never required a sua sponte instruction[3] or given either party veto power over the district court's decision to give a jury instruction.
Not only are these new rules unprecedented, they directly contradict Minnesota Rule of Evidence 105, which states that, when evidence is admissible for one purpose but not another (a hallmark of section 634.20 evidence), "the court, upon request , shall ... instruct the jury accordingly." (Emphasis added). As the Advisory Committee on the Rules of Evidence explains, "the rule places the burden on the opposing party to request a limiting instruction before a court is required to give such an instruction." Minn. R. Evid. 105 comm. cmt.-1977. This burden is consistent with well-established law. See State v. DeZeler , 230 Minn. 39, 41 N.W.2d 313, 319 (1950) (explaining that in the absence of a request for a limiting instruction, a trial court's failure to provide such an instruction is not prejudicial error). The plain language of Rule 105 neither requires an instruction sua sponte nor gives a party a veto (much less a unilateral one) over a judge's decision to instruct. Instead, the rule requires an instruction only upon request.
As a practical matter, the two rules announced today amend Rule 105. Instead of amending the rule by announcement in an opinion, the court should have referred the treatment of section 634.20 evidence to the Supreme Court Advisory Committee on the Rules of Evidence. The advisory committee exists so that judges and lawyers, all experienced in evidentiary issues, can weigh the pros and cons of proposals to amend the rules. See generally Minn. Stat. § 480.0591, subd. 2 (2018) (explaining the purpose and structure of the advisory committee). It includes both prosecutors and defense lawyers experienced in the use of section 634.20 evidence.
Typically, when the advisory committee makes a recommendation to amend a rule, it files a report that includes a detailed rationale for the proposed amendment. Upon receiving such a report, the court often gives notice to the public and invites its comments. See generally id. , subd. 4 (2018) (describing this process). Today's opinion short-circuits that salutary, time-honored process-and for no good reason.[4]
Therefore, I respectfully decline to join Part II of the opinion of the court.

This separate writing is not a dissent because I agree with the disposition of the case: reversal of the court of appeals' decision. My disagreement is with a portion of the court's opinion that does not affect that disposition.

A limiting instruction helps ensure that the jurors use the evidence only for a permissible purpose. State v. Broulik , 606 N.W.2d 64, 71 (Minn. 2000). By contrast, an accomplice-testimony instruction informs the jurors of the statutory prohibition against finding a defendant guilty based on uncorroborated accomplice testimony. State v. Lee , 683 N.W.2d 309, 316 n.6 (Minn. 2004). Because there is a qualitative difference between a limiting instruction and an accomplice-testimony instruction, my analysis is not inconsistent with State v. Strommen , 648 N.W.2d 681, 689 (Minn. 2002) ("[T]he duty to instruct on accomplice testimony remains regardless of whether counsel for the defendant requests the instruction."), or State v. Barrientos-Quintana , 787 N.W.2d 603, 610 (Minn. 2010) (same).

Instead, we have simply encouraged the trial court to provide a limiting instruction on Spreigl evidence. See State v. Taylor , 869 N.W.2d 1, 18 (Minn. 2015) (observing that our "Spreigl cases do not require a limiting instruction to be given sua sponte").

What the majority does here is much different than what we did in State v. McCoy , 682 N.W.2d 153 (Minn. 2004). In McCoy , we adopted section 634.20 as a new rule of evidence (albeit in conflict with Rule 404(b) ) based on the doctrine of comity. Id. at 160-61. But comity has nothing to do with today's announcement of two new rules. We should have followed the usual procedures, well-designed for transparency and accountability.