**STATE of Minnesota, Respondent,**

v.

**Jody BISSELL, Appellant.**

**No. C9–82–1233.**

Supreme Court of Minnesota.

May 31, 1985.

C. Paul Jones, Public Defender, Kathy King, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Janet A. Newberg, Asst. Atty. Gen., St. Paul, Fred R. Kraft, Mower Co. Atty., Austin, for respondent.

AMDAHL, Chief Justice.

Defendant was found guilty by a district court jury of attempted aggravated robbery, Minn.Stat. §§ 609.17, 609.245 (1984). The trial court sentenced him to 54 months in prison. Following the adoption of the 1983 amendments to the sentencing guidelines, which retroactively reduced the presumptive sentences for mandatory minimum term offenses, defendant was resentenced by a different judge to 36 months in prison. On his appeal from judgment of conviction, defendant seeks (1) an outright reversal of his conviction on the ground that the evidence of his guilt was legally insufficient or (2) a new trial because of various alleged trial errors by the court and the prosecutor. We affirm.

The attempted robbery occurred on the morning of Monday, January 18, 1982. The victim of the attempt was Ervin Besterfeldt, proprietor of the grocery store in Lansing, a town of about 200 people north of Austin in Mower County. Besterfeldt did not cooperate with the robber, and the robber fled.

1. Defendant first contends that the evidence identifying him was legally insufficient. We hold that the evidence was sufficient. Evidence of defendant's guilt included: (a) strong evidence that defendant's car was seen driving around Lansing suspiciously within the hour preceding the commission of the crime; (b) evidence that no one other than defendant could have been driving the car; (c) evidence that defendant had a gun that fit the description of the gun used by the robber; (d) evidence that defendant fit the description of the robber given by Besterfeldt and of the man seen driving the car shortly before the robbery; (e) evidence that three of the five people who viewed the lineup (or the picture of the lineup) in which defendant appeared selected defendant and no one picked anyone else; (f) evidence that defendant easily could have committed the robbery; and (g) evidence that defendant had a strong motive for committing the robbery (he was unemployed, broke, and thought that his fiancee was pregnant). The victim's failure to positively identify defendant and the gun does not render the conviction fatally defective; because the circumstantial evidence of defendant's guilt was sufficiently strong.

2. Defendant bases his alternative claim that he should be given a new trial on a number of alleged errors committed by the prosecutor and the trial court.

(a) Defendant contends first that the trial court erred in admitting the gun seized from his car. Defendant did not object to the admission of the gun and, in any event, it was sufficiently connected to the crime because it clearly fit the description of the gun which the victim gave in his statement to the police immediately after the crime was committed.

(b) Defendant next argues that the trial court erred in refusing to give a mid-trial instruction cautioning the jury that defendant's prior convictions were admitted solely on the issue of his credibility as a witness. We agree with defendant that the trial court erred in refusing to give the instruction when requested. In *State v. Forsman*, 260 N.W.2d 160, 169 (Minn. 1977), we stated that when admitting [*State v.*] *Spreigl* [272 Minn. 488, 139 N.W.2d 167 (1965)] evidence the trial court, on its own, should give a limiting instruction both when the evidence is admitted and as part of the final instructions to the jury. The same reasoning underlying the requirements spelled out in *Forsman* applies in the case of Rule 609 impeachment evidence: the evidence is admitted only for a limited purpose and the giving of a contemporaneous limiting instruction helps ensure that the evidence will not be used inappropriately. As stated by Judge Weinstein, "the jury will probably get a clearer picture of the interrelation between the evidence and the factual issues to which they are relevant if the limitations of the evidence are spelled out as it is presented. * * [i]f end-of-trial instructions are depended upon alone to effectively limit the jury's use of the evidence, their impact will probably be minimal." 1 J. Weinstein & M. Berger, *Weinstein's Evidence* § 105[05], at 105–38 (1982) (footnote omitted). Significantly, the drafters of CRIMJIG 2.02, the recommended cautionary instruction dealing with Rule 609 evidence, placed the instruction in the chapter dealing with instructions to be given during the course of the trial. The fact that defense counsel elicited the impeachment evidence on direct did not disqualify defendant from receiving a cautionary instruction during the course

of the trial. It is standard practice for defense counsel to bring out the witness' conviction on direct "in order to remove some of the sting from cross-examination." 3 J. Weinstein & M. Berger, *Weinstein's Evidence* § 609[05], at 609–88 (1982). Although the trial court should have given the cautionary instruction when the evidence was admitted, the court's refusal to do so clearly was not prejudicial since the court did give such an instruction as part of its final instructions to the jury and since no one suggested that the evidence should be used for any purpose other than determining defendant's credibility as a witness.

(c) Defendant next claims that the prosecutor committed prejudicial misconduct in her closing argument. Defendant did not object to any part of the prosecutor's closing argument and, in any event, we are satisfied that the prosecutor's argument was a proper one.

(d) Defendant next complains about the trial court's instruction to the jury that there was an attempted aggravated robbery and that the only issue was whether defendant committed it. In *State v. Carlson*, 268 N.W.2d 553, 560 (Minn.1978), we stated that a criminal defendant is "entitled to have all the elements of the offense with which he is charged submitted even if the evidence relating to these elements is uncontradicted," but added that "if the defendant admits certain elements, then the court can so instruct the jury." We also stated, "As a general rule, however, we believe courts should be extremely reluctant to remove issues like this from the jury." *Id.* at 561. In this case, the defense impliedly conceded that the attempted robbery occurred but claimed that defendant did not commit it or participate in it. Further, defense counsel did not object to the court's instruction. Under the circumstances, the instruction is not a basis for a new trial.

(e) Defendant also contends that the trial court improperly summarized the claims of the parties in its instructions to

the jury. Immediately after stating that the only issue in dispute was whether the defendant was the person who committed the offense, the court stated:

> Now, the State is basing it's case on a license plate, ARR–246. You have heard that testimony. As well as the gun. And you have heard the testimony.
>
> The Defendant is basing his case on the uncertainty of the identification by the victim, Besterfeldt, and impossibility of placing the Defendant at the time and place in question. And that narrows the issues down for you in your consideration in this case.

After the court completed its instructions, the prosecutor objected to this, stating that she thought that the court had omitted other things that the jurors could consider in determining if defendant committed the offense. Defense counsel, on the other hand, indicated that he had no trouble with what the court had said. The court then gave the following additional instruction:

> Counsel wants the Court to tell you that the case is not necessarily limited to the license plate, the gun and the uncertainty of the identification and impossibility. They feel that there may be other things that you will want to consider here. And I didn't mean to limit you, but I just meant to highlight the nature of the differences in their cases. That's all.
>
> You aren't to be limited to these particular things. You can consider anything else you want to consider that's been presented from the witness stand in deciding whether or not the state has proved its case beyond a reasonable doubt. That's what we're really here for. Okay.

Defendant now argues on appeal that the court's initial statement amounted to an improper comment on the evidence. Defense counsel did not, however, object to the statement at trial; the prosecutor did, presumably because the potential of the instruction for harming the state's case was much greater. The court then corrected itself. Any error therefore was "cured."

 (f) Defendant's final contention is that the trial court erred by submitting to the jury verdict forms that stated in part that the jury was impaneled and sworn to try the "guilt or innocence" of defendant. This was technical but not prejudicial error, particularly since defense counsel did not object. *State v. Brouillette*, 286 N.W.2d 702, 708 (Minn.1979).

Affirmed.