*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A14-0992**

State of Minnesota,
Respondent,

vs.

Roxanne Kay DeFlorin,
Appellant.

**Filed April 20, 2015**
**Affirmed**
**Stauber, Judge**

Ramsey County District Court
File No. 62CR136658

Lori Swanson, Minnesota Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Peter R. Marker, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate State Public Defender, Jessica Merz Godes, Assistant State Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Stauber, Presiding Judge; Cleary, Chief Judge; and Hooten, Judge.

**U N P U B L I S H E D   O P I N I O N**

**STAUBER**, Judge

On appeal from her conviction of identity theft, appellant argues that (1) she was denied her constitutional right to a speedy trial and (2) the district court committed

reversible error by failing to instruct the jury regarding the proper use of prior-bad-act evidence. She also makes several claims in her pro se supplemental brief. We affirm.

**FACTS**

In September 2013, appellant Roxanne Kay DeFlorin was charged with identity theft and two counts of possession of a short-barreled shotgun. At an omnibus hearing on September 20, 2013, appellant dismissed her public defender and continued pro se. The district court ordered advisory counsel to assist appellant and scheduled the case for trial during the November 18, 2013 trial block.

At the next two pretrial hearings, appellant made numerous motions and requests. In light of appellant's motions, the district court stated at the November 15, 2013 hearing that "it's not realistic to put this on for the next trial rotation." Instead, the district court scheduled another hearing to allow respondent time to comply with appellant's discovery requests and the district court time to rule on appellant's motions.

On December 9, 2013, appellant moved to dismiss, claiming that her constitutional right to a speedy trial had been violated. The district court denied the motion, stating that it "construed" appellant's speedy-trial demand to have been made on November 15.[1] A jury then found appellant guilty of identity theft, but not guilty of both counts of possession of a short-barreled shotgun. The district court imposed a 54-month executed sentence and ordered restitution in the amount of $1,000 to each victim. This appeal followed.

---

[1] The district court actually referenced a November 18 hearing date, but no hearing was held on that date. Rather, the hearing was held on November 15, and the parties agree that the district court apparently misspoke by referencing November 18 as a hearing date.

2

**D E C I S I O N**

**I.**

Appellant argues that she was denied her right to a speedy trial. The United States and Minnesota Constitutions guarantee the right to a speedy trial. U.S. Const. amend. VI; Minn. Const. art. I., § 6; *State v. DeRosier*, 695 N.W.2d 97, 108 (Minn. 2005). "A speedy-trial challenge presents a constitutional question subject to de novo review." *State v. Hahn*, 799 N.W.2d 25, 29 (Minn. App. 2011), *review denied* (Minn. Aug. 24, 2011).

In determining whether an accused was deprived of the right to a speedy trial, we consider the four-factor balancing test announced in *Barker v. Wingo*, 407 U.S. 514, 530-33, 92 S. Ct. 2182, 2191-93 (1972): "(1) the length of the delay, (2) the reason for the delay, (3) whether the defendant asserted his or her right to a speedy trial, and (4) whether the delay prejudiced the defendant." *DeRosier*, 695 N.W.2d at 109. "None of the factors is either a necessary or sufficient condition to the finding of a deprivation of the right to a speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant." *State v. Windish*, 590 N.W.2d 311, 315 (Minn. 1999) (quotation omitted).

"The delay in speedy-trial cases is calculated from the point at which the sixth amendment right attaches: when a formal indictment or information is issued against a person or when a person is arrested and held to answer a criminal charge." *State v. Jones*, 392 N.W.2d 224, 235 (Minn. 1986). But in Minnesota, when a speedy-trial demand has been made, the trial shall commence within 60 days of the demand unless good cause is

3

shown.  Minn. R. Crim. P. 11.09(b).  Delay beyond the 60–day period raises a presumption that a defendant's speedy-trial right has been violated and requires further inquiry into whether a violation has occurred.  *State v. Friberg*, 435 N.W.2d 509, 513 (Minn. 1989).

Appellant argues that her right to a speedy trial was violated because she was tried four months "after she was charged."  But the district court found, and the record demonstrates, that appellant did not make a demand for a speedy trial until the November 15, 2013 hearing.  Appellant's trial commenced 60 days later, on January 14, 2014.  Because the start of appellant's trial was no greater than 60 days after she made her speedy-trial demand, the delay is not presumptively prejudicial, and we need not consider the remaining *Barker* factors.  *See id.* at 513.  But even if we were to consider the remaining *Barker* factors, we conclude that they do not weigh in appellant's favor because (1) any delay was substantially attributable to appellant due to her numerous discovery requests and pretrial motions, and her discharging of her public defender; and (2) appellant is unable to demonstrate prejudice where she was acquitted of the firearm offenses.

## II.

*Spreigl* evidence is not admissible to prove that a defendant acted in conformity with his character.  Minn. R. Evid. 404(b); *State v. Spreigl*, 272 Minn. 488, 490, 139 N.W.2d 167, 169 (1965).  "The overarching concern behind excluding such evidence is that it might be used for an improper purpose, such as suggesting that the defendant has a propensity to commit the crime or that the defendant is a proper candidate for punishment

4

for his or her past acts." *State v. Fardan*, 773 N.W.2d 303, 315 (Minn. 2009) (quotations omitted). But the evidence may be admissible for other purposes, such as to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Minn. R. Evid. 404(b).

Here, K.W. and S.B. testified at trial that they, along with appellant, were involved in an identity-theft scheme perpetuated for several months in which they used identities supplied by appellant. Appellant contends that this testimony is *Spreigl* evidence because K.W. and S.B. testified about behavior that occurred before the charged offense. Appellant further argues that because this testimony is *Spreigl* evidence, the district court committed reversible error by failing to instruct the jury, sua sponte, regarding the proper use of this prior bad-acts evidence.

Generally, failure to request a specific jury instruction results in forfeiture of the issue on appeal. *State v. Goodloe*, 718 N.W.2d 413, 422 (Minn. 2006). But this court has "discretion to consider a district court's failure to give a jury instruction if the failure constitutes plain error affecting substantial rights." *Id.* To show plain error, appellant must establish that (1) the district court erred, (2) the error was plain, and (3) the error affected his substantial rights. *See State v. Griller*, 583 N.W.2d 736, 740 (Minn. 1998). If all three prongs are met, an appellate court assesses whether it should address the error to ensure the fairness and integrity of the judicial proceedings. *Id.*

The Minnesota Supreme Court has noted that when admitting *Spreigl* evidence, the district court should "on its own . . . give a limiting instruction . . . when the evidence is admitted." *State v. Bissell*, 368 N.W.2d 281, 283 (Minn. 1995). But, as the state points

5

out, K.W. and S.B.'s testimony was "not *Spreigl* evidence requiring a limiting instruction." Appellant was charged with identity-theft under Minn. Stat. § 609.527, subd. 2 (2012). This statute provides that "[a] person who transfers, possesses, or uses an identity that is not the person's own, with the intent to commit, aid, or abet any unlawful activity is guilty of identity theft." *Id.*

Here, the challenged evidence consists of K.W. and S.B.'s testimony that they, along with appellant, were involved in an identity-theft scheme for several months in which appellant would provide the names and social security numbers of individuals that S.B. would use to open credit cards at retail stores. S.B. would then purchase merchandise on these fraudulent cards, and K.W. would pick up the merchandise and trade it on the street for methamphetamine, which she would share with S.B. and appellant. This evidence is not *Spreigl* evidence, but is immediate-episode evidence, which is a narrow exception to the general character evidence rule. *See State v. Riddley*, 776 N.W.2d 418, 425 (Minn. 2009). Under this exception, the "state may prove all relevant facts and circumstances which tend to establish any of the elements of the offense with which the accused is charged, even though such facts and circumstances may prove or tend to prove that the defendant committed other crimes." *Id.* (quotations omitted). Therefore, because this testimony is not *Spreigl* evidence, the district court did not err by failing, sua sponte, to provide a limiting instruction.

**III.**

Appellant raised eight issues in her pro se supplemental brief, but failed to provide any analysis or citation to legal authority in support of the allegations. It is well settled

that summary arguments made without citation to legal support are waived. *See State v. Krosch*, 642 N.W.2d 713, 719 (Minn. 2002) (concluding that argument was waived when a "brief contain[ed] no argument or citation to legal authority in support of the allegations"). And there is no exception for pro se litigants. *See State v. Bartylla*, 755 N.W.2d 8, 22 (Minn. 2008). Therefore, because appellant failed to provide *any* analysis or citations to legal authority to support her claims, appellant has waived these issues.

**Affirmed.**