*This opinion will be unpublished and*
*may not be cited except as provided by*
*Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A14-1859**

State of Minnesota,
Respondent,

vs.

Fue Moua,
Appellant

**Filed August 24, 2015**
**Affirmed**
**Klaphake, Judge**[*]

Hennepin County District Court
File No. 27-CR-14-1672

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Linda M. Freyer, Assistant Hennepin County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Rochelle R. Winn, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Larkin, Presiding Judge; Chutich, Judge; and

Klaphake, Judge.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**KLAPHAKE**, Judge

A jury convicted appellant Fue Moua of second-degree assault and making terroristic threats after it heard testimony from his victim that Moua had previously assaulted her and then later held a gun to her head and stated that he was not afraid to kill her family. Moua asks us to reverse his conviction because the district court failed to instruct the jury that it could not use the evidence of his prior domestic assault to show his propensity to commit the charged offenses. We affirm.

## D E C I S I O N

A district court commits plain error if it admits evidence of the defendant's prior domestic abuse without providing a cautionary instruction regarding the permissible use of that evidence. *State v. Barnslater*, 786 N.W.2d 646, 654 (Minn. App. 2010), *review denied* (Minn. Oct. 27, 2010). Moua did not object to the jury instructions during trial, but because the district court permitted the victim to testify about Moua's past domestic abuse without providing a cautionary instruction, we hold that the district court plainly erred.

But we do not reverse Moua's conviction because there is no "reasonable likelihood" that the error had a "significant effect" on the verdict. *See State v. Little*, 851 N.W.2d 878, 884 (Minn. 2014). The victim's testimony about the prior domestic abuse was brief. *See Barnslater*, 786 N.W.2d at 654 (finding no significant effect on verdict when testimony of past domestic abuse was "limited"). The prosecutor never suggested that the past abuse demonstrated that Moua committed the charged crimes. *See State v.*

*Meldrum*, 724 N.W.2d 15, 22 (Minn. App. 2006) (finding no significant effect on verdict when prosecutor did not encourage use of evidence for propensity purposes), *review denied* (Minn. Jan. 24, 2007). The victim's testimony about the past abuse helped frame the long-standing dispute over financial matters between Moua and the victim. *See State v. Word*, 755 N.W.2d 776, 784 (Minn. App. 2008) (finding no significant effect on verdict when testimony of past domestic abuse provided context of the parties' "troubled, long-term relationship"). And the arresting officer and photographs of the victim's bruises corroborated her testimony. *See Meldrum*, 724 N.W.2d at 22 (finding no significant effect on verdict when victim's testimony was corroborated). On this record, we see no reasonable likelihood that the omitted instruction significantly affected the verdict.

**Affirmed.**