*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1236**

State of Minnesota,
Respondent,

vs.

Walter Wayne Urban,
Appellant.

**Filed May 2, 2016
Affirmed in part and remanded
Rodenberg, Judge**

Redwood County District Court
File No. 64-CR-14-818

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Steven S. Collins, Redwood County Attorney, Redwood Falls, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Steven P. Russett, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Hooten, Presiding Judge; Larkin, Judge; and Rodenberg, Judge.

## UNPUBLISHED OPINION

**RODENBERG**, Judge

Appellant Walter Wayne Urban challenges his conviction for domestic assault, arguing that the district court erred by admitting evidence of a past incident of domestic

abuse in which he assaulted his ex-girlfriend. Appellant also argues that the district court improperly entered two convictions for domestic assault arising from the same behavioral incident. Because the other-abuse evidence has not been shown to have been erroneously admitted, we affirm in part. But we remand for the district court to clarify that the second count of domestic assault has not been formally adjudicated as a conviction.

## FACTS

Appellant lived in Redwood Falls with his mother, his father, and his younger brother. On November 24, 2014, appellant returned to his family home belligerently drunk. He approached his mother in an intimidating way, threw a can of glass cleaner at her, and threatened to hit her. Appellant's father intervened, wrestling appellant down, first onto a love seat and later onto a couch, in order to prevent appellant from attacking his mother. Appellant's mother called 911 and frantically asked the police to come to the residence to help. She stated, "You need to come now. I'm . . . his mom. He attacked me and then he's . . . going after his dad." Although appellant did not physically hurt his mother that night, both of his parents told police that they believed he would have had his father not intervened.

The state charged appellant by complaint with two counts of domestic assault pursuant to Minn. Stat. § 609.2242, subd. 4 (2014). Count 1 alleged an act done with intent to cause fear in a family or household member, and Count 2 alleged an attempt to inflict bodily harm, both in relation to appellant's actions toward his mother. Both counts were charged as felonies because of appellant's prior domestic-abuse convictions. Additionally, appellant was charged with obstruction of legal process under Minn. Stat.

2

§ 609.50, subd. 1(2) (2014), based on his combative conduct when police arrived at the residence to arrest him.

The case was tried to a jury. Appellant stipulated to his past domestic-abuse convictions at trial (but outside the hearing of the jury). The state offered testimony from two police officers who responded to the call on November 24, 2014, played the audio recording of appellant's mother's 911 call, played an audio recording from a microphone attached to the body of one of the responding police officers during the arrest, and played a recorded phone interview with each of appellant's parents conducted the night of the arrest. The state also called both of appellant's parents as witnesses at trial, but both were uncooperative, minimized the severity of the attack, and expressed concern that appellant not go to jail.

The state also offered the testimony of another police officer at trial, who testified about a past incident of domestic abuse involving appellant to which he had responded. This witness testified that, on December 14, 2013, he was called to a different residence to respond to allegations that appellant had assaulted his then girlfriend. Two photographs were admitted showing the victim's injuries from that assault.

The jury returned guilty verdicts on all three counts. Appellant was sentenced to 32 months, which was the "top of the box" under the Minnesota Sentencing Guidelines for a severity level 4 offense, with a criminal history score of 5. This appeal followed.

**D E C I S I O N**

## I.     Evidence of other domestic abuse

Appellant argues that the district court abused its discretion by admitting evidence that he assaulted his ex-girlfriend one year before the charged offenses, because the probative value of that evidence was substantially outweighed by the danger of unfair prejudice.  On this basis, he requests a new trial.

In a criminal case involving domestic violence, Minnesota law allows for the admission of evidence of other "domestic conduct" by the defendant against the same victim or "against other family or household members," "unless the probative value is substantially outweighed by the danger of unfair prejudice."  Minn. Stat. § 634.20 (2014); *see State v. Fraga*, 864 N.W.2d 615, 627 (Minn. 2015) ("[W]e make clear today that evidence of domestic conduct by the accused against family or household members other than the victim may be admitted pursuant to Minn. Stat. § 634.20.").  The same statute defines "domestic conduct" to include "evidence of domestic abuse."  Minn. Stat. § 634.20.

We review for an abuse of discretion a district court's decision to admit evidence under Minn. Stat. § 634.20.  *State v. Word*, 755 N.W.2d 776, 781 (Minn. App. 2008).  We will not reverse unless the appellant "establish[es] that the district court abused its discretion and that the defendant was thereby prejudiced."  *Id.*

Appellant argues that the other-abuse evidence had low probative value and that it had a high likelihood of being persuasive for an improper purpose.  But the district court twice gave a cautionary instruction to the jury regarding the limited purpose of the

4

evidence of appellant's assault on his ex-girlfriend. Before presentation of the other-abuse evidence, the district court stated to the jury:

> The state is about to introduce evidence of conduct by the defendant on December 14th, 2013. . . . The evidence is being offered for the limited purpose of demonstrating the nature and extent of the relationship between the defendant and other family and household members in order to assist you in determining whether the defendant committed the acts with which the defendant is charged in this complaint. . . . The defendant is not being tried for and may not be convicted for any behavior other than the charged offenses. . . . You are not to convict the defendant on the basis of his conduct on December 14th, 2013.

The district court repeated a similar cautionary instruction just before the jury began deliberations. We presume the jury followed these instructions. *State v. Bauer*, 776 N.W.2d 462, 472 (Minn. App. 2009), *aff'd*, 792 N.W.2d 825 (Minn. 2011). The district court also restricted the amount of evidence that was presented to the jury on the topic of appellant's assault on his ex-girlfriend, admitting only two of the five photographs offered by the state—despite determining that each of them would have been separately admissible—in order to reduce any "unfair extrapolation."

The prosecutor's closing argument also described the limited purpose of the other-abuse evidence: "[T]o show how the defendant treats those closest to him, how [he] treats his family or household members."

Caselaw identifies that Minn. Stat. § 634.20 is designed to aid in the prosecution of domestic abuse, which is often particularly challenging because it "typically occurs in the privacy of the home," "frequently involves a pattern of activity," and "is often underreported." *State v. McCoy*, 682 N.W.2d 153, 161 (Minn. 2004). Those factors are

5

relevant here, where the victim and witness later recanted or modified their original version of events to protect a family member, and where appellant committed multiple acts ("a pattern of activity") of domestic abuse against women who were members of his family or household. Domestic-abuse evidence is unique, and for that reason is treated differently from other evidence. *Id.*, at 161; *see also Fraga*, 864 N.W.2d at 626-27.

The district court appropriately exercised its discretion in admitting the other-abuse evidence and took steps to minimize the possibility of unfair prejudice. We see no error.

## II. Convictions for the same behavioral incident

Appellant contends that he was improperly convicted of two counts of felony domestic assault arising from the same behavioral incident and involving the same victim. Appellant does not contest that two guilty verdicts for felony domestic assault were returned by the jury, but argues that two "convictions" should not have been recorded by the district court. He asks that we "vacate the 'conviction' for Count 2 and direct the district court to issue an amended order and warrant of commitment." The state concedes that "appellant should not have been 'convicted' of both Count 1 and Count 2."

By statute, a criminal defendant "may be convicted of either the crime charged or an included offense, but not both." Minn. Stat. § 609.04 (2014). The Minnesota Supreme Court has clarified that, when a jury finds a person guilty of multiple offenses for the same behavioral incident, courts should sentence on only one count, specify for which conviction a sentence is being imposed, refrain from adjudicating (i.e., "accept[ing] and record[ing]") convictions for additional offenses, and preserve the additional guilty verdicts for future reference. *Spann v. State*, 740 N.W.2d 570, 573

6

(Minn. 2007). The supreme court has also held that, where two convictions arising out of a single behavioral incident are formally adjudicated, section 609.04 should be applied to vacate one of the formally adjudicated convictions. *State v. Jackson*, 363 N.W.2d 758, 760 (Minn. 1985).

On the record at the sentencing hearing, the district court stated, "I am not going to sentence . . . Counts 2 and 3," but did not specifically address whether one or both of those counts were being adjudicated. The warrant of commitment appears to reflect two recorded convictions. We have held that a district court's pronounced sentence prevails over an inconsistent record due to clerical error. *State v. Staloch*, 643 N.W.2d 329, 331 (Minn. App. 2002). Here, it is unclear from the record whether the district court adjudicated both domestic-assault convictions arising from the single-behavioral-incident.

It appears that the district court intended the correct result by sentencing appellant on only one count, but the record is not sufficiently clear. We remand to the district court with instructions to issue an amended order and warrant of commitment reflecting only one conviction for felony domestic assault. We also instruct the district court to clearly record that the second assault count is not formally adjudicated, but that the jury verdict is preserved pursuant to *Spann*.

**Affirmed in part and remanded.**